## TEXAS EMPLOYERS' INS. ASS'N v. NUNAMAKER et al. (No. 109.)[+]

(Court of Civil Appeals of Texas. Waco. Oct. 13, 1924. Rehearing Denied Jan. 8, 1925.)

**1. Master and servant ⬤417(1)—Nature of suit to set aside compensation award stated.**

Suit to set aside award of compensation is not strictly an appeal from board's action, but has effect similar to appeal from judgment of justice court, and suspends award, which is superseded by final judgment.

**2. Master and servant ⬤417(4½)—Final ruling by Accident Board must be pleaded in suit to set aside award.**

In suit to set aside award, final ruling or decision by Industrial Accident Board must be pleaded and proved; courts, though vested with jurisdiction to hear and determine issues involved, having no original jurisdiction.

**3. Master and servant ⬤417(5)—Industrial Accident Board's award inadmissible on trial of suit to set it aside.**

Trial of suit to set aside award is de novo, all issues being heard and determined as though no trial had been had or decision rendered, burden is on claimant to establish right to, and amount of, compensation, and prior award is inadmissible on either issue.

**4. Master and servant ⬤417(1)—"Court of competent jurisdiction" to hear and determine suit to set aside award defined.**

Effect of suit to set aside award being to invoke and substitute court's judgment as to insurer's liability on facts alleged in claim presented to board, "court of competent jurisdiction" within Laws 1917, c. 103, pt. 2, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44) is one having jurisdiction under state Constitution and laws to determine existence and amount of such liability.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Competent Jurisdiction.]

---

⬤ For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[+] Writ of error refused February 25, 1925.

**5. Master and servant ☞401—Allegation of extent of injury and amount of earnings sufficient statement of claim.**

Injured employee need not state, in claim before Industrial Accident Board, amount of compensation demanded in dollars, and allegation of total and permanent loss of use of arm and amount of average weekly wage before injury is sufficient.

**6. Courts ☞169(1)—County court, because of amount in controversy, has no jurisdiction of suit to set aside award of compensation for injuries to workman.**

County court at law is not "court of competent jurisdiction" within Laws 1917, c. 103, pt. 2, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44) to hear and determine suit to set aside award of compensation for total and permanent loss of use of arm, for which maximum compensation allowed is $3,000, though amount awarded is within such court's jurisdiction.

**7. Courts ☞170—Petition alleging amount of Industrial Accident Board's award, in suit to set it aside, subject to plea in abatement for want of jurisdiction.**

Allegation of petition, in suit to set aside award of Industrial Accident Board as to amount thereof, is not conclusive on issue of court's jurisdiction, but subject to attack by proper plea in abatement.

Appeal from Dallas County Court; Frank G. Harmon, Judge.

Suit by the Texas Employers' Insurance Association to set aside award of compensation and attorneys' fees to I. A. Nunamaker, employee, and another. From judgment of dismissal, plaintiff appeals. Affirmed.

Lawther, Pope, Leachman & Cox, of Dallas, for appellant.

John White, of Dallas, for appellees.

GALLAGHER, C. J. This is an appeal by the Texas Employers' Insurance Association, appellant herein, from a judgment of the county court at law of Dallas county, sustaining a plea in abatement interposed by I. A. Nunamaker and John White, appellees herein. Appellee Nunamaker was an employee. His employer carried an insurance policy obligating appellant to pay the compensation provided by our Workmen's Compensation Act in case its employees sustained injury in the course of their employment. Appellee Nunamaker sustained such injuries. He in due time filed with the Industrial Accident Board a claim for compensation. In said claim he alleged that by reason of an accidental injury suffered by him he had permanently and totally lost the use of his right hand and of his entire right arm. The amount of his demand was not stated in dollars in said claim, but he alleged a weekly wage entitling him to the maximum compensation of $15 a week in case of total disability or in case of the entire and permanent loss of the use of a hand or an arm. Said act provides that such weekly payments in case of the total loss of the use of a hand shall continue for 150 weeks, and of the total loss of the use of an arm for 200 weeks. The appellee John White represented him in presenting said claim before said board.

The Industrial Accident Board considered said claim and found that Nunamaker was injured in the course of his employment; that his weekly wage was sufficient to entitle him to compensation at said rate of $15 per week during total incapacity to labor, and that he was so incapacitated for a period of 12½ weeks and entitled to receive compensation for said period at the rate of $15 per week, aggregating the sum of $190.70; that on the termination of such total incapacity there ensued permanent partial incapacity to the extent of 12½ per cent., as related to the loss of the use of the hand, and that he was entitled to compensation therefor for a period of 137 2/7 weeks at the rate of $4.75 per week, which was discounted by the board to the sum of $612.47 and ordered paid in a lump sum, the total compensation allowed being $803.17. From this sum all payments theretofore made by appellant by way of compensation for said injury were ordered deducted. The amount so paid was not found by said board. The board further found that the reasonable value of services rendered by appellee White in presenting and prosecuting said claim before said board was 15 per cent. of the unpaid portion of said award.

Appellant, being unwilling to abide by such final decision of said board, brought suit in the county court at law of said county to set the same aside.

Appellees filed a plea in abatement. In said plea they set out in full the claim of Nunamaker filed before said board, and alleged that the testimony submitted to said board on the hearing of said claim was sufficient to warrant said board in rendering a ruling or decision in favor of said Nunamaker for the sum of at least $3,000, being compensation at the rate of $15 per week for 200 weeks. They further alleged that said sum was the amount in controversy, and determined the jurisdiction of an action to set aside the award of the board, and that said county court at law, being a court of limited jurisdiction, and not having jurisdiction over causes of action exceeding $1,000, was not a court of competent jurisdiction to hear and determine a suit to set aside said award. Appellees also, by cross-action, set up their claim for compensation for the injuries sustained by said Nunamaker, and asked judgment therefor in the sum of $3,000. The court heard the plea in abatement so interposed by appellees and sustained the same and dismissed appellant's suit. The case is

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

before us on appeal from said judgment of dismissal.

The statute providing for and regulating suits to set aside a final ruling or decision of said board, as far as applicable, is as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall * * * bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided; provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this act, and the suit of the injured employé or person suing on account of the death of such employé shall be against the association of the employer of such injured or deceased employé at the time of such injury or death was a subscriber as defined in this act. If the final order of the board is against the association then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this act." Gen. Laws of Texas 1917, pp. 269, 283, 284, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44).

[1-3] The issue here presented is whether the jurisdiction of the court in which suit to set aside an award of the Industrial Accident Board is brought, is to be determined by the amount of the award of said board or by the amount of compensation demanded in the claim therefor before said board and heard and determined by it. The bringing of a suit to set aside such an award, while in the nature of an appeal from the action of the board, is not, strictly speaking, an appeal in fact. The effect of filing such suit is similar to the effect of appealing from a judgment of the justice court. The filing of suit suspends the award, and, when such suit is prosecuted to final judgment, such judgment effectively supersedes such award and becomes a judicial determination of the rights of the parties. In such a suit it should, of course, be pleaded and proved that a final ruling or decision in the case by the board had been made. Such showing is a necessary predicate for the bringing of such a suit, because, while the courts are vested with jurisdiction to hear and determine the issues involved in a suit to set aside an award, they have no original jurisdiction in the premises. The trial of such suit is to be de novo, that is, the issues are to be heard and determined as though no former trial had been had nor former decision rendered. The burden is in all cases placed by the terms of the act upon the party claiming compensation. Such party is required thereby to establish both his right to compensation and the amount to which he is entitled. The prior award of the board is not admissible in evidence on either issue.

[4] We think the legal effect of a suit to set aside an award of the Industrial Accident Board is to invoke the judgment of the court on the issue of the liability of the insurer, under the provisions of the act, upon the facts alleged in the claim presented to said board, and to substitute the judgment of such court when rendered for the prior award of the board. Such being the case, a court of "competent jurisdiction" within the meaning of the act, is one having jurisdiction under the Constitution and laws of this state to determine whether such liability exists, and if so, the amount thereof.

[5, 6] It was not necessary for appellee Nunamaker to state in his claim before said board the amount of compensation demanded in dollars. He alleged the total and permanent loss of the use of his arm and the amount of his average weekly wage prior to his injury. If he had proved the facts as alleged, the amount of the award to which he would have been entitled would have been a mere matter of calculation under the provisions of the act, and, so calculated, would have amounted to more than $1,000. In this suit, to set aside the award of the Industrial Accident Board in this case, the maximum amount of compensation allowed by the provisions of said act for total and permanent loss of the use of an arm was the amount in controversy therein, and the county court at law did not have jurisdiction to hear and determine such issue. It was therefore not a "court of competent jurisdiction" under the terms of the act, and appellees' plea in abatement was properly sustained.

Our holding herein is in accord with the holding of the Court of Civil Appeals for the Third Supreme Judicial District in the case of Georgia Casualty Co. v. Griesenbeck, 210 S. W. 273, 275, and the holding of the Court of Civil Appeals for the Ninth Supreme Judicial District in the case of Millers' Indemnity Underwriters v. Hughes, 256 S. W. 334, 335. We do not think that the case of Farris v. United States Fidelity & Guaranty Co. (Tex. Civ. App.) 251 S. W. 612, 615, is in conflict with our holding in this case. In that case the Industrial Accident Board had made an award to the injured employee of $11.53 per week, to continue, unless altered, changed, modified, or terminated, for a period of 401 weeks from the date of the injury. Suit to set aside such award was filed by the insurer in the district court. The insurer in its petition alleged that an award had been made by the board, and that a copy thereof was filed in the cause for jurisdictional purposes only. Neither the amount of such award nor the amount demanded by the

injured employee in his claim before the board was stated in the petition, nor was such award attached to or made a part of such petition. The defendant in that case pleaded the award in detail, and the court sustained an exception to such plea. The award showed on its face an allowance of compensation in an amount within the exclusive jurisdiction of the district court. Error was assigned on the action of the trial court in sustaining such exception. In passing upon this contention the court said:

"Appellant here asserts that it was essential in order to show the jurisdiction of the court to plead that the amount awarded by the Accident Board, and from which award an appeal was taken by the plaintiff, was within the jurisdiction of the district court. If upon another trial the award of the Accident Board should be made a part of the pleadings, as of plaintiff or defendant, it will not be necessary to plead in defendant's answer the terms of the award. We think some allegation as to the amount in controversy should be in plaintiff's petition to show jurisdiction of the court, and that a filing of the award with the clerk of the court does not comply with the requirements that the petition should affirmatively show that the court in which it has been filed has jurisdiction of the matters in controversy."

[7] Appellant's petition in this case set out the amount of the award of the board, and, if such allegation was prima facie sufficient to show jurisdiction, a point we do not find it necessary to decide, it was not conclusive on such issue, but was subject to attack by appellees by a proper plea in abatement.

The judgment of the trial court is affirmed.