GUS BOOTH V. TEXAS EMPLOYERS' INSURANCE ASSOCIATION.

No. 7415. Decided December 7, 1938.
Rehearing overruled January 11, 1939.
(123 S. W., 2d Series, 322.)

*Webb & Webb,* of Sherman, for plaintiff in error.

The Court of Civil Appeals erred in holding that the trial court should have sustained the plea to the jurisdiction of the trial court and in ordering the case dismissed. Texas Indemnity Ins. Co. v. White, 37 S. W. (2d) 277; Employers Casualty Co. v. Scheffler, 20 S. W. (2d) 833; Indemnity Ins. Co. of N. A. v. Harris, 53 S. W. (2d) 631; Federal Surety Co. v. Scott, 22 S. W. (2d) 157.

*Head, Dilliard, Maxey-Freeman & McReynolds,* all of Sherman, for defendant in error.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

In this case and in three other cases (Robinson v. Commercial Standard Insurance Company, 132 Texas 163, 123 S. W. (2d) 337; Aetna Casualty & Surety Company v. Ware, 132 Texas 298, 123 S. W. (2d) 332, and Federal Underwriters Exchange v. Cost, 132 Texas 299, 123 S. W. (2d) (332), all submitted at the same time, the important question presented is whether it is necessary, as a predicate for jurisdiction of the court in which suit may be filed to set aside a final ruling and decision of the Industrial Accident Board upon a claim for compensation filed with the board by an injured employee under the Workmen's Compensation Act, that the claim as filed with the board state the amount claimed by the employee in dollars and cents or facts from which such amount can definitely be determined.

Because of conflicts in the recent decisions and in statements contained in earlier opinions by Courts of Civil Appeals and the Commission of Appeals, and in view of the necessity for a certain rule with respect to the jurisdiction of the trial courts in such suits, the statutory provisions and the decisions have been fully reviewed and the question has been carefully considered and discussed by the members of the court and the commissioners.

We have reached the conclusion that the true rule is that announced in the dissenting opinion by Associate Justice Looney in this case in the Court of Civil Appeals, 113 S. W. (2d) 231, 238, and in the opinion of the Court of Civil Appeals at Beaumont by Chief Justice Walker (then Associate Justice) in Texas Indemnity Company v. White, 37 S. W. (2d) 277, followed by the same court in Texas Employers' Insurance Association v. Moore, 46 S. W. (2d) 404. The rule as to suits filed by an injured employee is that the amount of the claim before the Industrial Accident Board is immaterial upon the issue of jurisdiction of the court selected to review the award, the only essential jurisdictional connection between the claim for compensation before the board and the suit to set aside the award being the identity of the injury of which complaint is made.

In the instant case Gus Booth, the injured employee, made and filed with the Industrial Accident Board a claim for compensation, in which he stated that he claimed compensation under the Workmen's Compensation Law, gave the name of his employer, stated the time, place and cause of his injury, his

wages, the number of days per week that he worked, the length of time regularly employed in the same employment previous to the injury, and described the nature of his injury as follows: "I strained and sprained my back and sides, and received a hernia which appeared suddenly, caused intense pain and nausea. I had never before had this hernia in any degree." The Industrial Accident Board, after hearing and considering the claim, made its final ruling and decision denying the claim for compensation and discharging the insurer from liability on account of the claim. Within the time fixed by the statute Booth gave the required notice that he would not abide by such final ruling and decision and within twenty days after giving such notice filed suit in the district court of Grayson County, where the injury occurred, to set aside the board's ruling and decision. In his petition filed in district court Booth gave the same description of the time, place, cause and general nature of his injury as that contained in the claim but enlarged the general description of the nature of the injury by setting out further the physical injuries resulting from the accident and alleged that by reason of his injury he had been totally incapacitated to labor and that such total incapacity was permanent. He prayed for recovery of compensation for 401 weeks for total and permanent disability in accordance with his average weekly wages of $7.20 and for lump sum recovery and, in the alternative only, for recovery of compensation for a shorter period should it be determined that he was not entitled to compensation based on total and permanent incapacity.

The insurer's plea to the jurisdiction of the court was heard and overruled, and, after trial and verdict, judgment was rendered in favor of Booth against the insurer, Texas Employers' Insurance Association for $2615.56. The Court of Civil Appeals reversed the judgment of the district court and dismissed the suit. 113 S. W. (2d) 231. In so doing it followed Commercial Standard Insurance Company v. Robinson, as decided by the Fort Worth Court of Civil Appeals, 91 S. W. (2d) 1147, and held, Associate Justice Looney dissenting, that the plea to the jurisdiction should have been sustained by the district court because the claim filed with the Industrial Accident Board contained no statement of the amount of the claim and failed to give information or data from which it could be determined that the claim was for as much as $500.00.

Looking first to the statute, the Workmen's Compensation Law as set out in Articles 8306 to 8309 of the Revised Civil Statutes of 1925, as amended, we find that the first step re-

quired to be taken by the injured employee seeking compensation under the law is to give notice of his injury either to the insurer or to the employer, Section 4a of Article 8307 providing that "unless the association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall be given to the association or subscriber within thirty (30) days after the happening thereof and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of same." No particular form or manner of notice is required, the object of the provision for timely notice being to enable the insurer to make its own investigation of the facts upon which the employee grounds his claim for compensation. Texas Employers' Insurance Association v. Bradshaw, 27 S. W. (2d) 314, (application for writ of error refused). The law contemplates that after receipt of such notice the insurer shall begin the making of the required payments without any proceeding before the Industrial Accident Board, as Subdivision 3b of Article 8306 imposes upon the insurer the duty to pay the compensation provided by the law to the employee injured in the course of his employment if the employer is a subscriber at the time of the injury. In the event payment is not made, the employee resorts to the board for relief by making to the board a claim for compensation. Neither in that part of Section 4a of Article 8307 above quoted nor elsewhere in the law is the manner or form for making claim prescribed. Following the making of claim, if there is no settlement by agreement of the parties, the board hears and considers the claim for compensation and makes its final ruling and decision (Section 5 of Article 8307, as amended by Chapter 224, Acts Regular Session 42nd Legislature). The board is authorized to make rules not inconsistent with the law for carrying out and enforcing its provisions, may require a claimant to submit himself for examination, has power to subpoena witnesses, administer oaths, inquire into matters of fact, and examine relevant parts of books and records of the parties. It is provided that "process and procedure shall be as summary as may be under this law" (Section 4 of Article 8307, as amended by Chapter 102, Acts Regular Session, 42nd Legislature). No provision is made in the law for pleadings or for formality of procedure before the board.

Section 5 of Article 8307 relates to the filing of suit to set aside the final ruling and decision of the board. The pertinent language of that section (as amended by Chapter 224, Acts

Regular Session 42nd Legislature) is as follows:

"Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided. Whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provision of this law and the suit of the injured employe or person suing on account of the death of such employe shall be against the association if the employer of such injured or deceased employe at the time of such injury or death was a subscriber as defined in this law. If the final order of the Board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, and the Court shall in either event determine the issues in such cause instead of the Board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

■ The Industrial Accident Board is given by the Workmen's Compensation Law no power to enforce its awards by the issuance of process. When the insurer fails or refuses to comply with an award against it and does not sue to set aside the award, the claimant's remedy is to bring suit upon the award. Section 5a of Article 8307. Vestal v. Texas Employers' Insurance Association, (Com. App.) 285 S. W. 1041.

■ From the portions of the Workmen's Compensation Law which have been stated and quoted above, it is apparent that the Industrial Accident Board is not a court but an administrative body, that claims filed before it are not pleadings, and that the presentation or hearing of claims is not intended to be attended or governed by rules or formalities appropriate to trials in court. Judge Hickman said in Commercial Casualty Insurance Company v. Hilton, 126 Texas 497, 87 S. W. (2d) 1081, 89 S. W. (2d) 1116: "The Industrial Accident Board is not a court, but an administrative body created by statute, and possessing those powers only which are conferred upon it by statute." The constitutionality of the Workmen's Compensatian Law first enacted, the law of 1913, very similar in its general plan to the present law, was questioned upon

the ground, among others, that it gave judicial powers to the board. Chief Justice Phillips, in the opinion in Middleton v. Texas Power & Light Company, 108 Texas 96, 110, 185 S. W. 556, sustaining the law against such attack said of the law: "It vests no judicial power in the Industrial Accident Board which it creates. The board is but an administrative agency provided for the proper execution of the Act." See also Poe v. Continental Oil & Cotton Company, (Com. App.) 231 S. W. 717, 720; Traders & General Insurance Company v. Chancellor, 105 S. W. (2d) 720, 723. Since the Industrial Accident Board is not a court but an administrative agency with authority to pass upon all claims for compensation in whatever amount, a statement of the amount of the claim is not necessary in order to show that the board has jurisdiction.

It is important to the successful performance of the duties of such administrative agency and to the attainment of the general purpose of the Workmen's Compensation Law that the board be permitted to entertain and promptly decide claims submitted to it, unhampered by unnecessary formality and unrestrained by the rules of pleading and evidence that prevail in the courts. It is often desirable that the injured employee be able to file his claim for compensation and submit it to the board without the assistance of an attorney at law. Usually the claimant has no knowledge about the jurisdiction of courts and has little information as to the measure or extent of the compensation to which he may be entitled under the law. Such claimant often would not be able to calculate the amount of compensation due him or to set out in his claim facts from which it could be calculated. The statute was so written as to permit the injured employee in filing his claim to make known to the board without formality the fact that he has been injured in the course of his employment and that he claims the compensation to which he is entitled under the law for the injury suffered, as is apparent from the fact that the statute does not undertake to prescribe the form or manner of making claims, merely providing that no proceeding for compensation for injury shall be maintained unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same. The board, under the power given it to make rules, not inconsistent with the law, for carrying out and enforcing its provisions, may require the employee when filing his claim to give such information as will identify the injury and serve as a basis for proper investigation, hearing and determination of the claim. It is apparent from the copy of Booth's claim filed with the board,

as set out in the statement of facts, that the claim was made on a form prepared by the board, the information for which the board called being given by filling the several blanks. The completion of the claim on the form requires the giving of the name of the employer, the time, place, cause and nature of the injury, the wages and length of time employed. The form is not so prepared as to require or suggest that the total amount of the claim be stated or that the extent or probable duration of disability be given or estimated. We do not attach controlling importance to the form prepared by the board, but mention it merely as indicating the practical construction given by the administrative agency to that part of the statute which provides for the filing of claims.

■ Having found that the compensation law, in so far as it speaks of the claim before the board, contains nothing that may properly be construed to mean or to intend that the claim as made to the board must state the amount of compensation sought or facts from which the amount may definitely be determined, we look next to that part of the statute which authorizes the filing of suit by one dissatisfied with the board's action. It is the portion of Section 5, as amended, of Article 8307, hereinbefore quoted, which provides in substance that any interested party dissatisfied with the board's final ruling and decision may, within a time specified and after giving notice, "bring suit" in the county where the injury occurred to set aside the final ruling and decision; that thereupon the board shall proceed no further toward the adjustment of the claim; that whenever such suit is brought, whether by the injured employee or by the insurer, the rights and liability of the parties shall be determined by the provisions of the staute; and that the issues in the cause shall be decided by the court, instead of the board, upon trial de novo, the burden of proof being upon the party claiming compensation.

It is to be observed that the statute does not designate the court in which suit to set aside the board's award shall be brought, the words used being merely "bring suit," without specification as to where the suit shall be brought other than that it shall be in the county where the injury occurred. As first enacted the statute provided that the suit should be brought "in some court of competent jurisdiction" in the county where the injury occurred, (Section 5, Part II, Chapter 103, Acts Regular Session 35th Legislature). The words last quoted were omitted when the statutes were codified in 1925, but it is clear that the omission made no change in the meaning.

■■ Inasmuch as the Workmen's Compensation Law authorizes the bringing of suit to set aside an award of the board without designating the court in which the suit is to be brought, resort must be had to the Constitution and the statutes which define the jurisdiction of courts. According to provisions of the Constitution and the Revised Civil Statutes, the original jurisdiction of trial courts, aside from certain suits specially designated (among which specially designated suits are not included suits to set aside awards of the Industrial Accident Board), is determined by the amount or value of the matter in controversy. Constitution, Article 5, Sections 8, 16, 19; Revised Civil Statutes of 1925, Articles 1906, 1949, 1950, 2385. The question whether a particular suit is as to the amount in controversy within the jurisdiction of the court in which it is filed is determined by the averments in the petition in so far as they state facts in relation to the thing in controversy; and this is true, regardless of the truth of the allegations, unless it is made to appear by pleading and proof that the allegations as to jurisdiction were fraudulently made. Dwyer v. Bassett & Bassett, 63 Texas 274; Clonts v. Johnson, 116 Texas 489, 493, 294 S. W. 844; Johnson v. Universal Life & Accident Insurance Company, 127 Texas 435, 94 S. W. (2d) 1145; 11 Texas Jurisprudence, p. 739, Sec. 26.

It follows from what has been said that the question of jurisdiction of the court in which a suit is filed by an injured employee to set aside a final ruling and decision of the Industrial Accident Board is determined by the amount in controversy in the suit in accordance with the allegations of fact in the petition (provided it is not made to appear that the averments were fraudulently made) and that such question of jurisdiction is not determined by the amount of the claim filed with the board.

■ In applying this test of jurisdiction we have treated the suit as any other suit originally filed in trial court. While it has been said that a suit to set aside an award is analogous to an appeal from trial court to a court of civil appeals and elsewhere that it is analogous to an appeal from justice court to county court, there is no true analogy in either comparison. The suit to set aside an award of the board is in fact a suit, not an appeal. It is filed as any other suit is filed and when filed the subject matter is withdrawn from the board. Section 5, as amended, of Article 8307, prohibits the board from proceeding further toward the adjudication of the claim after the filing of the suit. The trial in court is de novo, wholly without reference to what may have been decided by the board.

It is true that as conditions precedent to the filing of suit the insurer or the employer must have been notified of the injury, claim must have been filed with the board, and the board must have made a final ruling and decision (Section 4a, Article 8307), but these requirements do not negative the fact that a suit is filed and tried, not merely an appeal taken. In discussing the nature of a suit to set aside an award of the Industrial Accident Board, Judge Speer said, in Vestal v. Texas Employers' Insurance Association, (Com. App.) 285 S. W. 1041, 1043:

"Upon an appeal, so-called, thus taken by either party to the final ruling or decision of the board, it is specially declared that the trial shall be de novo, from which it, of course, follows that such proceeding, while it is referred to as an appeal, is in truth an original proceeding in the court having jurisdiction, the determination of which is uninfluenced in any wise by the previous ruling or decision of the board, but the same is tried anew under the ordinary rules of practice and evidence applicable to the tribunal; the court being authorized 'to determine the issues in such cause instead of the board'."

Justice Critz, writing as commissioner the opinion in Southern Casualty Co. v. Fulkerson, (Com. App.) 45 S. W. (2d) 152, 155, said, after quoting the provisions of Section 5 of Article 8307 above referred to:

"The three provisions above quoted demonstrate that it is the purpose of the statute above quoted to allow any party interested, who has been brought under the jurisdiction of the board, to carry the entire case to the court, and to vest the court with power to take up the litigation of the several parties and try the cause just as fully and completely as though the suit had begun in such court in the first instance."

■ It is apparent from what has been said that we do not approve expressions in some of the decisions (among them being American Employers' Insurance Company v. Scott, 33 S. W. (2d) 845, Traders & General Insurance Company v. Crouch, 113 S. W. (2d) 650, and Aetna Casualty & Surety Company v. Ware, 113 S. W. (2d) 981) to the effect that jurisdiction of the trial court is determined by the maximum amount of compensation which the law authorizes for the character of injury for which the claim was filed. These expressions are contrary to what we believe to be the true test, the amount in controversy according to the allegations of fact in the petition. The pleader does not always allege in his petition facts showing that he is entitled to the maximum com-

pensation which the law allows for the character of injury for which the claim was filed.

The conclusion herein expressed is supported by the Supreme Court's affirmance of Texas Employers' Insurance Association v. Moore, as decided by the Court of Civil Appeals at Beaumont, 46 S. W. (2d) 404. That suit was filed in district court by the appellee Moore to set aside a decision of the Industrial Accident Board awarding him compensation in the sum of $385.70. After trial, in which the jury found that Moore suffered in the course of his employment personal injuries which resulted in his total permanent incapacity, judgment was rendered in his favor for $2363.70. In the Court of Civil Appeals the first contention made by the insurer was that the district court erroneously overruled the general demurrer to Moore's petition because the petition did not allege that the amount involved in the claim before the Industrial Accident Board was in excess of $500.00, and that, lacking such allegation, the petition failed to state a cause of action cognizable by the district court. The Court of Civil Appeals in declining to sustain this contention held that the petition was good against general demurrer for two reasons, first because it appeared from the petition construed as a whole that the plaintiff's claim as made to the board and acted upon by it was for an amount in excess of $500.00, and second because the identity of the injury received by the employee for which he made claim before the board with the injury shown by his petition in the district court, rather than the amount of the claim as made before the board, is the determining factor in fixing the jurisdiction of the court. This decision was challenged by assignments in the application for writ of error granted by the Supreme Court and it was held in an opinion by the Commission of Appeals adopted by the Court that the Court of Civil Appeals correctly disposed of the questions presented by the assignments. 123 Texas 302, 70 S. W. (2d) 702. The first two assignments of error and the first ground of jurisdiction presented in the application for writ of error complain of the action of the Court of Civil Appeals in holding "that the petition in an appeal to the district court from an award of the Industrial Accident Board did not have to show, by allegation, that the amount involved in the claim or proceeding before the board was for $500.00 or more." We, therefore, construe the Supreme Court's opinion, in which it is stated that the Court of Civil Appeals correctly disposed of the assignments contained in the application for writ of error, to constitute an express approval by the Supreme Court

of the decision of the Court of Civil Appeals that the identity of the injury received by the employee for which he made claim before the board with the injury shown by his petition in court, rather than the amount of the claim as made before the board, is the controlling factor in determining the jurisdiction of the court.

■ It has repeatedly been held that, although one claim cannot be filed with the board and another and different claim asserted in court, yet when the injury suffered is of that class of injuries, sometimes called general injuries, for which the compensation is based upon incapacity to work, and not of that class of injuries usually called specific injuries, for which the amount of compensation is fixed by the statute, a general description of the injury is sufficient in the claim made before the board, and that in the suit filed to set aside the award of the board the claim may be enlarged to include all injuries proximately resulting from the accident. Hartford Accident & Insurance Co. v. Choate, 126 Texas 368, 373, 89 S. W. (2d) 205; Texas Employers' Insurance Association v. Knouff, 271 S. W. 633; Indemnity Company of North America v. Harris, 53 S. W. (2d) 631; Great American Indemnity Company v. McElyea, 57 S. W. (2d) 966. In each of the three cases last cited application for writ of error was refused. With these decisions the ruling of the Court of Civil Appeals in the instant case, that the claim filed with the board must show the amount claimed by the injured employee as a predicate for jurisdiction of the court, is clearly inconsistent. The inclusion in the suit of additional injuries proximately resulting from the accident complained of would often prolong the period of incapacity and increase the amount of compensation.

The opinion of the Dallas Court of Civil Appeals in the instant case and that of the Fort Worth Court of Civil Appeals in Commercial Standard Insurance Co. v. Robinson, (91 S. W. (2d) 1147) are supported by quotations from Beal v. Texas Indemnity Insurance Company (Com. App.) 55 S. W. (2d) 801, and Travelers Insurance Company v. Peters (Com. App.) 14 S. W. (2d) 1007, 17 S. W. (2d) 457. In neither of those cases was the opinion of the Commission of Appeals adopted by the Supreme Court. In each case the judgment entered by the Supreme Court sustained the trial court's action in overruling a general demurrer urged to the plaintiff's petition, the attack made by the demurrer upon the petition being that it was insufficient because it did not contain allegations showing that the claim presented to the board was for an amount within

the jurisdiction of the district court. Such being the judgments of the Supreme Court and the opinions of the Commission of Appeals not having been adopted, we have felt free, after careful consideration, to place upon the provisions of the statute under consideration a construction different from that given by expressions in those opinions.

In a brief filed in one of the four cases submitted together the argument is made that practical difficulty, working hardship upon insurers filing suits to set aside awards of the board, will be encountered unless the statute is construed to require the employee to state in his claim filed with the board the amount of compensation sought or to give data from which the amount can be calculated. In support of the argument reference is made to Texas Employers' Insurance Company v. Nunamaker, 267 S. W. 749 (application for writ of error refused), in which the insurer filed suit in the county court to set aside the board's decision awarding the employee $803.17 as compensation for total incapacity for a few weeks and for permanent partial incapacity for a greater number of weeks resulting from injury to his hand. The employee had stated in his claim filed with the board that he had suffered the total and permanent loss of the use of his arm and hand and had given the amount of his average weekly wages prior to his injury, so that the compensation to which he would have been entitled, had the facts stated in the claim been proven, would have amounted to more than $1000.00. The employee filed a plea in abatement of the suit, setting out the claim as filed with the board and alleging that the sum there claimed was the amount in controversy and that the county court was without jurisdiction to hear and determine a suit to set aside the award. He also filed a cross action for the recovery of compensation in excess of $1000.00 for his injury. The Court of Civil Appeals affirmed the action of the trial court in sustaining the plea in abatement and dismissing the suit, holding that the amount in controversy, although the suit was by the insurer to set aside an award of less than $1000.00, was the maximum amount of compensation allowed by the provisions of the statute for the permanent and total loss of the use of an arm.

It is argued that in view of this decision an insurer, desiring to file suit to set aside an award of the board, will be at the mercy of the employee unless facts are stated in the claim filed by the board from which the amount of compensation may be determined, because regardless of the court in which the suit is filed, the employee will be able to cause the dismissal of the suit for want of jurisdiction by filing a pleading claiming

an amount of compensation either above or below the amount of which the court has jurisdiction.

■■ While the instant case is a suit by the employee to set aside an award of the board, it follows from the provisions of the Constitution and the statutes as to the jurisdiction of trial courts hereinbefore discussed that, when the claim filed with the board does not show the amount claimed, the question as to the court's jurisdiction of a suit brought by the insurer to set aside an award is to be determined, like that of a suit brought by the employee, by the allegations of fact in the petition with respect to the amount in controversy. The allegations of the insurer's petition in such suit, in so far as they relate to the amount in controversy, can go no further than to describe the claim filed and to set out the board's award. Clearly the amount of the award is the amount in controversy in such suit. The insurer is dissatisfied with the award, complains of it and seeks relief from it, not knowing when its suit is filed that the employee will endeavor to recover an amount in excess of the amount of the award. Under such circumstances the jurisdiction of the court to try the insurer's suit to set aside the award should be determined by the allegations in its petition as filed and not by an amount that the employee may or may not thereafter seek to recover. The employee is, of course, permitted to file in the insurer's suit a cross action for a greater amount, within the court's jurisdiction, than that of the award and may recover such greater amount. If he desires to assert a right to compensation in an amount beyond the jurisdiction of the court in which the insurer's suit was filed, he is free to do so by filing suit to set aside the award, within the time fixed by the statute, in the court having jurisdiction over the greater amount. In such situation (assuming, of course, that it is not shown that the allegations as to jurisdiction were fraudulently made) the employee's suit should be treated as the dominant suit and the insurer's suit, even though first filed, abated. This, because the subject matter of the controversy is the right of the employee to compensation, with the burden of proof upon him, and further because the abatement of the insurer's suit in such circumstances assures to the employee the opportunity to recover in one suit compensation for all injuries proximately resulting from the accident. When this course of procedure is followed the practical difficulty suggested in the argument will not be encountered.

The conclusion expressed in the foregoing paragraph, that the jurisdiction of the court in the insurer's suit to set aside an award is determined by the amount of the award, is in-

tended to apply only to cases in which the claim filed with the board does not state the amount of the claim or facts from which the amount can definitely be determined. While it seems to be more logical, in view of what has been said above, to apply that test of jurisdiction, namely, the amount of the award, to all suits filed by insurers to set aside awards of the board, yet in deference to the decision made in Texas Employers' Insurance Company v. Nunamaker, 267 S. W. 749, in which application for writ of error was refused, and on account of expressions in opinions by the Commission of Appeals, which decision and expressions apparently have been followed as a rule of procedure, the Court is unwilling at this time to place a construction on the statute at variance with that rule in determining the jurisdiction of the court in a suit by the insurer to set aside the board's award when the amount claimed by the employee is definitely shown in the claim filed with the board.

■ For the reasons given we hold that, in suits filed by insurers to set aside awards of the board, jurisdiction of the court is thus determined:

(1) When the claim filed with the board does not show the amount claimed, in dollars and cents or by statement of facts from which the amount can definitely be determined, the amount of the award made by the board is the amount in controversy and the suit should be filed in the court having jurisdiction of that amount.

(2) When the claim filed with the board does show the amount claimed, in dollars and cents or by statement of facts from which the amount can definitely be determined and the award of the board equals or exceeds in amount the amount shown by the claim, the amount of the award is the amount in controversy and the suit should be filed in the court having jurisdiction of that amount.

(3) When the claim filed with the board shows the amount claimed, in dollars and cents or by statement of facts from which the amount can definitely be determined and the award of the board is less in amount than that of the claim, the amount shown by the claim is the amount in controversy and the suit should be filed in the court having jurisdiction of that amount.

To summarize the conclusions hereinbefore expressed with reference to the filing of claims with the Industrial Accident Board and with reference to the jurisdiction of the court in which the employee files suit to set aside the board's award, we hold that:

(1) It is not necessary, either for the purpose of showing jurisdiction of the board or as predicate for jurisdiction of the court in which suit may be filed to set aside the board's award, that the claim filed with the board state the amount claimed by the employee or facts from which such amount can be definitely determined.

(2) The question of jurisdiction of the court in which the employee files suit to set aside the award of the board is determined by the amount in controversy in the suit in accordance with the allegations of fact in the petition (provided it is not made to appear that the averments were fraudulently made), and this is true whether the claim filed with the board shows or does not show the amount claimed.

Since it was not necessary that the claim filed by plaintiff in error with the Industrial Accident Board show the amount of the claim, and since the allegations in the petition filed in district court were sufficient to bring the suit within that court's jurisdiction, the Court of Civil Appeals erred in dismissing the suit.

After deciding that the cause should be dismissed for want of jurisdiction in the district court, the Court of Civil Appeals reviewed the evidence on the issue of total permanent incapacity and held that it was insufficient to support the verdict. In this ruling all of the members of the court concurred. It is our opinion, after examining the evidence on this issue, as set out in the opinion of the Court of Cvil Appeals, and also that quoted in the application for writ of error, that the question presented in the application with respect to the jury's finding is one of sufficiency of evidence, a fact question within the final jurisdiction of the Court of Civil Appeals.

It being apparent from the decision of the Court of Civil Appeals as to the sufficiency of the evidence to support the finding of the jury, and from the two opinions, that it would have reversed the judgment of the trial court and remanded the cause for another trial but for its ruling on the question of jurisdiction, we render here the judgment that should have been rendered by the Court of Civil Appeals.

The judgment of the Court of Civil Appeals dismissing the cause is reversed. The judgment of the district court is reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court December 7, 1938.

Rehearing overruled January 11, 1939.