## HARTFORD ACCIDENT & INDEMNITY CO. v. CRAIG.

### No. 13711.

Court of Civil Appeals of Texas. Dallas.

July 5, 1946.

Rehearing Denied Sept. 30, 1946.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

LOONEY, Justice.

This case arose under the Workmen's Compensation Law. Vernon's Ann.Civ.St. art. 8306 et seq. The Guiberson Corporation was employer, W. C. Craig, appellee, employe, and Hartford Accident & Indemnity Company, appellant, the insurance carrier. W. C. Craig filed claim before the Industrial Accident Board for compensation for an injury to his right eye; and, after due consideration, the Board allowed compensation in the total sum of $265.94, from which the insurance carrier appealed and in due time filed the instant suit in the court below to set aside the award of the Board. Appellee filed a motion to dismiss on the ground that the District Court was without jurisdiction, in that the amount in controversy was less than $500. The court sustained the motion and dismissed the suit, from which this appeal was prosecuted.

In support of its point of error, appellant contends that the amount in controversy was in excess of $500, in that the claim for compensation filed by appellee with the Industrial Accident Board stated his wage rate to be 80 cents per hour; that he worked 10 hours per day, 7 days per week, which gave him a maximum compensation

rate of $20 per week, and that he sought recovery for the loss of the use of his right eye, also for an injury to his left eye, for severe headaches, and injury to the nerves and the entire nervous system; that such constituted a general injury which entitled appellee to recover $20 per week for 401 weeks, if supported by proper evidence.

We do not think appellant's version is correct. The claim filed by appellee with the Industrial Accident Board did not state in dollars and cents the amount claimed; nor did it state facts from which the amount can definitely be determined. Therefore, the award of the Board, allowing appellee $265.94, determined the amount in controversy.

■ Appellee's claim, filed with the Industrial Accident Board, as just stated, did not show the amount claimed as compensation; showed the cause of the injury that "part of a steel staple went into my eye when I was prizing on it with a screw driver;" and described the injury as follows: "All parts of right eye and the nerves and all other soft tissues leading thereto and therefrom, injured and damaged, causing additional strain and injury to left eye and causing severe headaches, injury to nerves and nervous system." This, in our opinion, did not state a general injury that entitled appellee to recover any particular amount.

■ The rule that, in our opinion, controls the question of jurisdiction in the instant case, was announced by the Supreme Court in the case of Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S. W.2d 322, 331. Recognizing the confusion and conflict of decisions that existed in regard to the question of jurisdiction in such cases, the court gave the subject a thorough reconsideration, with the result that certain rules controlling jurisdiction were announced; among others, the following: "(1) When the claim filed with the board does not show the amount claimed, in dollars and cents or by statement of facts from which the amount can definitely be determined, the amount of the award made by the board is the amount in controversy and the suit should be filed in the court having jurisdiction of that amount." This rule, in our opinion, is the law of this case.

However, appellant contends, notwithstanding the matters just discussed, that in its petition specific allegations were made that the amount in controversy was in excess of $500; sufficient to give the District Court jurisdiction, and as neither pleading nor proof was offered showing that such allegations were fraudulently made to confer jurisdiction on the court below, that the same must be accepted as true.

This position, in our opinion, is not tenable, for the reason that appellant's allegation that the amount in controversy was in excess of $500 contradicted and was conclusively disproven by the record as heretofore shown.

We overrule appellant's point of error and affirm the judgment of the court below.