## TEXAS UNEMPLOYMENT COMPENSATION COMMISSION v. TYUS.

### No. 2715.

Court of Civil Appeals of Texas. Waco.

May 1, 1947.

Price Daniel, Atty. Gen., Robert O. Koch, Asst. Atty. Gen., and C. H. Messer, of Austin, for appellant.

Williford & Williford, of Fairfield, for appellee.

TIREY, Justice.

Louis R. Tyus, a citizen of Freestone County, brought this suit in the 77th District Court of said county, to establish claim against the Unemployment Compen-

sation Commission. The defendant seasonably filed a plea to the jurisdiction of the court substantially on the ground that the initial claim for compensation filed by the plaintiff on January 24, 1946 was approved for a total of $324.00, and that of this sum claimant was paid benefits totaling $216.00, leaving a balance only of $108.00, and that such sum of $108.00 is the sum in controversy, and that by reason thereof the district court was without jurisdiction to hear and determine the claim. The trial court overruled the plea to the jurisdiction and rendered judgment to the effect that plaintiff recover all payments of compensation for each benefit period from May 1, 1946 to December 16, 1946, which had matured under the grant theretofore made by the Commission, and that such judgment be certified to the Commission so that it could enter an order in accordance with this decree, and the Commission perfected its appeal to this court.

Point 2 in appellant's brief assails the judgment of the trial court for failing to sustain its plea to the jurisdiction.

Section (i) of Art. 5221b–4 of Title 83 of Vernon's Annotated Civil Statutes provides in part as follows:

"(i) Court Review: Within ten (10) days after the decision of the Commission has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, in which action any other party to the proceeding before the Commission shall be made a defendant. Such trial shall be de novo. In such action, a petition which need not be verified, but which shall state the grounds upon which a review is sought, * * *."

Since the above statute provides that judicial review of claims arising under the compensation statute shall be brought in any court of competent jurisdiction in the county of the claimant's residence against the Commission, we think this question of the jurisdiction of the trial court is controlled by the rule announced by our Supreme Court in Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d

322, point 9, page 327 (and cases therein collated), wherein the court said:

"Inasmuch as the Workmen's Compensation Law authorizes the bringing of suit to set aside an award of the board without designating the court in which the suit is to be brought, resort must be had to the Constitution and the statutes which define the jurisdiction of courts. According to provisions of the Constitution and the Revised Civil Statutes, the original jurisdiction of trial courts, aside from certain suits, specially designated * * *, is determined by the amount or value of the matter in controversy. * * * The question whether a particular suit is as to the amount in controversy within the jurisdiction of the court in which it is filed is determined by the averments in the petition in so far as they state facts in relation to the thing in controversy; and this is true, regardless of the truth of the allegations, unless it is made to appear by pleading and proof that the allegations as to jurisdiction were fraudulently made."

Applying the above rule to the plaintiff's petition on which he sought judicial review in the district court and on which he went to trial, we find that the district court was without jurisdiction to adjudicate his claim, because (1) in said petition he alleged, among other things, substantially the following: From October 1, 1944 to September 30, 1945, he was employed by North American Aviation Company operating in Dallas and W. E. Grace Company operating in Dallas County, Texas, and subsequent to September 30, 1945, he was employed by a manufacturing company as a machinist at a wage of $1.22 per hour until February 13, 1946, at which time he was laid off because of a reduction in force; that on March 4, 1946, he filed a claim with the Commission for benefits under this law and that the Commission approved the claim for the benefit year commencing March 4, 1946 and ending March 3, 1947; that plaintiff was paid the sum of $36.00 every two weeks for the period beginning March 4, 1946 and ending July 1, 1946; that on July 5, 1946 he received a notice from the Commission to the effect that he had not been eligible to receive benefit payments.

since May 1, 1946 because he was "in full time employment self"; (2) because he prayed "that upon a hearing hereof, that this court make an order finding that this plaintiff was not full time self-employed on May 1, 1946 and is not full time self-employed at this time, and has not been full time self-employed at any time since May 1, 1946, up to the date of this hearing, and that such finding be certified to the Texas Unemployment Compensation Commission for its action thereon"; (3) because section (d) of Art. 5221b–1 provides: "(d) Duration of Benefits: The Commission shall establish wage credits for each individual by crediting him with the wages received by him for employment by employers during his base period, up to a maximum of One Thousand, Six Hundred and Twenty Dollars ($1,620). The maximum total amount of benefits payable to any eligible individual during any benefit year shall not exceed whichever is the lesser of : (1) Nine (9) times his benefit amount, or (2) one-fifth (1/5) of such wage credits." (1/5 of $1620.00 is $324.00.) It is obvious from the allegations in plaintiff's petition and his prayer therein that he sought relief for the unpaid portion of the benefits that the Commission had previously awarded to him for the year commencing March 4, 1946. Plaintiff admitted having received six of these payments, or a total of $216.00. The trial court found that the Commission approved plaintiff's claim for unemployment compensation for the benefit year beginning March 4, 1946 and ending March 3, 1947, for a total maximum benefit of $324.00, and that of this sum plaintiff had received the sum of $216.00. It is obvious that the only action of the Commission that was subject to judicial review was its failure to pay plaintiff the other three payments of $36.00 each, or a total of $108.00, which was the balance of the maximum award for the benefit year in question. Under the provisions of our Constitution, namely Art. 5, sec. 19, Vernon's Ann.St., and by virtue of the provisions of Sec. (i) of Art. 5221b–4, supra, the district court was without jurisdiction to hear and determine the plaintiff's claim. See also Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844 (Com.App., opinion adopted); Texas Employers' Ins. Ass'n v. Nunamaker,

Tex.Civ.App., 267 S.W. 749 (writ ref.); Texas Indemnity Ins. Co. v. Pemberton, Tex.Civ.App., 9 S.W.2d 65; Travelers Ins. Co. v. Peters, Tex.Com.App., 14 S.W.2d 1007.

It follows that the judgment of the trial court must be reversed, set aside and vacated and the cause dismissed from the docket, and it is accordingly so ordered.