**STIDHAM et al. v. BOYD.**

No. 14638.

Court of Civil Appeals of Texas. Dallas.

May 8, 1953.

Rehearing Denied June 19, 1953.

J. Lee Zumwalt, Dallas, for appellants.

J. Alex Blakely, John F. Harrison and Wayne A. Melton, all of Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from a judgment awarding appellee, plaintiff below, property damages of $400 against appellant, defendant below, resulting from an automobile collision. The record before us does not include a statement of facts, or any bill of exceptions in regard to the reception of evidence.

The case was tried to a jury which answered material issues concerning negligence in favor of appellee. The jury also found that appellee's automobile was of a market value of $1,900 immediately before the collision and $1,500 immediately afterward, which findings furnished the measure of damages for the $400 judgment rendered by the court.

Paragraph No. I in defendant's answer was a plea to the jurisdiction. The allegations in the plea were that the plaintiff carried property damage insurance with the All State Insurance Company, and had assigned her cause of action to the insurance company for the sum of $125, which she and the company had agreed upon as the amount of her property damage. It is appellant's contention that since $125 is below the jurisdictional amount of the County Court and the insurance company is estopped to sue for more, his plea to the jurisdiction should have been sustained.

Plaintiff's petition asked for $500 damage. This averment in the pleadings was sufficient to establish the jurisdictional amount in the County Court in the absence of a showing of fraud. Clonts v. Johnson, 116 Tex. 489, 294 S.W. 844; Texas Unemployment Compensation Comm. v. Tyus, Tex.Civ.App., 202 S.W.2d 687.

Furthermore, the record before us does not show that defendant's plea to the jurisdiction was ever presented to the court, or ever acted upon by the court. Consequently, there is nothing presented for us to review in that connection. Gowan v. Rei-

mers, Tex.Civ.App., 220 S.W.2d 331, ref. n. r. e.; Rule 376 T.R.C.P. There is no statement of facts before us, nor is there any bill of exceptions showing what testimony, if any, was offered by defendant and rejected by the court. In the absence of any such showing there is a legal presumption that the plea has been waived. Under the circumstances we are not permitted on appeal to consider the plea to the jurisdiction. Texas Associates, Inc., v. Joe Bland Const. Co., Tex.Civ.App., 222 S.W.2d 413 (Syl. 18); Hall v. McKee, Tex.Civ.App., 179 S.W.2d 590.

■ In paragraphs II and III of his answer defendant plead to the merits of the case and set up as defensive pleas that plaintiff had assigned her cause of action to the insurance company, hence the insurance company, not plaintiff, was the only party authorized to prosecute the suit. The trial court sustained exceptions to paragraphs II and III in defendant's answer, and upon motion of plaintiff, instructed defendant not to mention insurance in the presence of the jury, either by the reading of pleadings to the jury, or by offering testimony on the subject of insurance.

We believe the trial court correctly sustained plaintiff's exceptions to paragraphs II and III of defendant's answer to the merits. We also believe that the court properly instructed defendant not to go into the subject of insurance in the presence of the jury. Myers v. Thomas, 143 Tex. 502, 186 S.W.2d 811; Hudson Underwriters, etc., v. Ablon, Tex.Civ.App., 203 S.W.2d 584, writ dis.

■ Appellant next contends that the trial court erred in accepting the difference in market value of plaintiff's automobile immediately before and immediately after the collision as the correct measure of damages. According to appellant the only proper measure of damages in a case like this one is the reasonable and necessary cost of repairs. It is true that the latter measure has found acceptance in this State in some instances. But the general rule, and a proper one here, is that the difference in value before and after is the proper measure. Appellant's contention is overruled. Vol.

2, Tex.Jur.Ten Year Supp., secs. 77 and 78; 169 A.L.R. 1075; 1100.

We have considered all of appellant's points on appeal but find no reversible error. The judgment of the trial court is affirmed.

Affirmed.