**TEXAS EMPLOYMENT COMMISSION, Appellant,**

**v.**

**CHECKER CAB COMPANY OF EL PASO, Appellee.**

**No. 14516.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 12, 1966.

Rehearing Denied Nov. 9, 1966.

Waggoner Carr, Sam Lane, Austin, for appellant.

Lipscomb, Fisk, Cox & Ehrlich, El Paso, for appellee.

BARROW, Justice.

Appellee, Checker Cab Company of El Paso, a corporation, brought this suit in the 41st District Court of El Paso County against appellant, Texas Employment Commission, and Roberto H. Urteaga, seeking judicial review under Art. 5221b–4, Vernon's Ann.Civ.St., of a decision of the Commission finding Urteaga eligible for unemployment insurance benefits and charging appellee's account with the Commission with a charge-back of benefit wages in the amount of $512.80.

Appellant urges that the trial court erred in refusing to dismiss this suit for want of jurisdiction. The Unemployment Compensation Act provides for judicial review in a court of competent jurisdiction.[1] Jurisdiction is therefore determined by the amount in controversy. Texas Unemployment Compensation Comm. v. Tyus, Tex.Civ. App., 202 S.W.2d 687. Appellee's petition alleged that its account with the Commission "became subject to charge back in the sum of $512.80." There is no allegation of the monetary value of such a "charge-back." It is necessary to ascertain the nature of a "charge-back of benefit wages" under this Act to determine the amount in controversy.

Art. 5221b–5, supra, requires the employer to make contributions under the Texas Unemployment Compensation Act. Subd. (c) (2) (A) of this section provides for charging the employer's account with the amount of wages earned during the base period by an individual who is paid unemployment benefits. This sum is called "benefit wages." The result of the charge is, under a complicated formula provided by the Act, a possible increase in the rate of payroll taxes of the employer over the rate which he would otherwise have enjoyed.

Morton C. Stewart, an accounts examiner for appellant, described a charge-back as follows: "The charge-back is the amount of wages earned by an individual in the first four of the last six quarters, and to arrive at the tax rate the total of charge-

---

1. Art. 5221b—4(i) provides in part: "Within ten (10) days after the decision of the Commission has become final, and not before, any party aggrieved thereby may secure judicial review thereof by commencing an action *in any court of competent jurisdiction* in the county of claimant's residence against the Commission for the review of its decision, * * *." (Emphasis ours.)

backs against the employer for a period of three years is divided by the total taxable wages for a three-year period, from which is derived a percentage figure. That percentage figure is then taken to a table which has been prepared and from that table and the percentage figure, the tax rate for that individual is determined."

Urteaga was employed as a part-time worker for appellee during two quarters of 1964 and earned a total of $512.80. This amount of "benefit wages" is charged to the account of appellee under the decision of the Commission under review. The total payroll of appellee was approximately $80,000.00 at the time of the decision and its tax rate was .001% (one-tenth of one percent). The only other charge-back to its account was $46.50. Under the uncontradicted evidence, the charge-back in question would not increase appellee's tax in any amount. A charge-back of at least $4,000 would be necessary before appellee's taxes would be increased over a three-year period by the sum of $500.00.

Appellee's petition, complaining of a "charge back in the sum of $512.80," does not allege an amount in controversy in excess of $500.00 so as to invoke the jurisdiction of the district court. In Texas Employment Commission v. International Union of E. R. & M. Workers, 163 Tex. 135, 352 S.W.2d 252 (1961), the Supreme Court considered the right of judicial review given by this Act. It was said in speaking of the effect of the venue provisions of same: "These provisions are exclusive and come under the accepted rule that statutory proceedings are strictly governed by the statute of their creation. Those availing themselves of the statutory remedy are not free to select a forum not authorized by the statute creating the remedy." Here appellee was required to seek review in a court of competent jurisdiction.

The district court was without jurisdiction of appellee's suit under the provisions of Art. 5, § 19, of the Constitution, Vernon's Ann.St. The trial court erred in refusing to dismiss this suit for want of jurisdiction.

The judgment of the trial court is reversed and the cause is dismissed for want of jurisdiction.