EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, v. BUTLER et al. (No. 3272.)

Court of Civil Appeals of Texas. Amarillo. Sept. 18, 1929.

W. B. Handley, of Dallas, for appellant.
Payne, Cade & Hart, Paul A. Speer, and W. Leo Sparks, all of Amarillo, for appellees.

JACKSON, J. This suit was instituted in the county court of Potter county, Tex., by the plaintiff, Employers' Liability Assurance Corporation, Limited, to set aside an award by the Industrial Accident Board of this state in favor of J. L. Butler, employee, and other defendants claiming to have furnished Butler with medical services and hospital accommodations on account of injuries received by Butler in the course of his employment as an employee of the Waples-Platter Grocer Company. The plaintiff attached to its petition, for the purpose of showing the jurisdiction of the court, a copy of the award made by the Industrial Accident Board.

J. L. Butler answered, and by way of cross-action, alleged that on July 12, 1928, the Waples-Platter Grocer Company, carried compensation insurance with appellant for the protection of himself and other employees; that on said date he was in the employ of the Waples-Platter Grocer Company, and had been so employed since October 12, 1927; that on July 12, 1928, while in the course of his employment, he undertook to take a box, weighing 60 pounds, from a stack of boxes 6 feet high; that said box slipped out of his hands, striking him in the abdomen, causing great pain, and resulting in a rupture or hernia, which required an operation in order to effect a cure thereof, and that he underwent the operation therefor on July 17, 1928; that as a result of said accident he is permanently injured; that prior to such injury he was strong, robust, and in good health, and capable of doing and did do and perform hard manual labor; that since the date of his injury he has suffered continually from pains in his abdomen, and that he is permanently incapacitated from engaging in any occupation that requires physical strength, all of which was due to the injury received.

He alleges that the injuries were sustained in the course of and arose out of his employment, and are compensable under the provisions of the Workmen's Compensation Act of this state; that he was employed by the Waples-Platter Grocer Company as a general utility man, loading and unloading merchandise from freight cars and trucks, from about October 12, 1927, to July 12, 1928, and worked 6 days each week at the wage of $4.58 per day and an actual weekly wage of $27.50 and an average annual wage of $1,430.

He alleges proper notice; the refusal of the plaintiff to pay, the presentation of his claim to the Industrial Accident Board, the employment of attorneys to represent him, etc., and asked for compensation at the rate of $15.86 per week for 26 weeks.

Each of the other defendants answered, alleging the amount of his respective claim and the services claimed to have been rendered to and for J. L. Butler.

To the answers of each of the defendants, the plaintiff pleaded a general demurrer and general denial.

The case was tried before the court without the intervention of a jury, and judgment rendered that J. L. Butler recover from the plaintiff the sum of $15.86 per week for 26 weeks. Judgment was also rendered in favor of the other defendants for certain amounts claimed by them, which it is unnecessary to detail. From this judgment, plaintiff prosecutes this appeal.

Appellant assigns as error the action of the trial court in overruling its general demurrer to the cross-action of J. L. Butler, because, first, Butler, having sought to recover on account of a specific injury, a hernia, he was required to plead and prove all the specific facts enumerated by the statute which constituted such specific injury; second, he failed to plead that, at the time he sustained the injury, he had worked in the employment in which he was then working substantially the whole of the year immediately preceding the injury, and failed to allege the average daily wage which an employee in the same class, working substantially the whole of such immediately preceding year, would have earned in such employment during the days when so employed.

■ In the absence of any special exception to the pleading in the cross-action, in our opinion the allegations were sufficient against a general demurrer. Davies v. Texas Employers' Insurance Ass'n (Tex. Com. App.) 16 S.W.(2d) 524.

■■ Appellant assigns as error the action of the court in rendering judgment against it, because the evidence affirmatively discloses that J. L. Butler had not worked at the employment in which he was engaged at the time of his injury, substantially the whole of a year immediately preceding the injury, and wholly fails to show the average daily wage of an employee in the same class, working substantially the whole of such immediately preceding year in a similar employment in the same or a neighboring place, and fails to disclose any facts that authorize the court to determine the average weekly wage of J. L. Butler, as provided by statute.

Mr. Butler testified: That "on or about the 12th day of July, 1928, I was employed by the Waples-Platter Grocer Co., as shipping clerk and just all-around man. At the time I had been employed by them about three and a half years, but I worked for them twice, but the last time it was about nine months, I guess, something like that, nearly a year. I worked six days a week. My salary was $55.00 every two weeks, $27.50 a week is what they paid me. That is what I received at that time."

This constitutes all the testimony relative to the employment, the work, and the length of time that Butler was engaged by the Waples-Platter Grocer Company or any one else in similar work.

Butler was entitled to "a weekly compensation equal to sixty per cent. of his average weekly wage," "for 26 weeks after the date of the operation." Article 8306, Rev. St. 1925.

" 'Average weekly wages' shall mean:

"1. If the injured employé shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employé shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employé of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employé, or other employé engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons, it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties."

"5. The average weekly wages of an employé shall be one-fifty-second part of the average annual wages." Article 8309, Rev. St. 1925.

In the case of Petroleum Casualty Co. v. Williams, 15 S.W.(2d) 553, 555, the Commission of Appeals says: "We are further of the opinion that *substantially a year*, within the meaning of subdivisions 1 and 2, is exactly 300 days or close to, or near to 300 days. It may be slightly more than 300 days or slightly less than 300 days. That is to say *substantially a year* means a year or about a year, or so near a year as to be a year for all practical purposes."

In reaching the conclusion that the Legislature intended to make 300 days a year of labor for the average laborer, the court takes 365 days and deducts therefrom the 52 Sundays and 11 legal holidays.

Butler worked for his employer from October 12, 1927, to July 12, 1928, which, including both days, constitutes 275 days. Deducting therefrom the Sundays and holidays during the period, leaves 228 days or 38 weeks of six working days each.

The courts have held that working at the same employment for three or four months or for even seven months does not constitute substantially a year. Texas Employers' Insurance Ass'n v. Fitzgerald (Tex. Com. App.) 296 S. W. 509; Texas Employers' Insurance Ass'n v. Villarreal et al. (Tex. Civ. App.) 1 S.W.(2d) 692; Federal Surety Co. v. Shigley (Tex. Civ. App.) 7 S.W.(2d) 607; Southern Surety Co. et al. v. Martin (Tex. Civ. App.) 16 S.W.(2d) 929.

In view of the provisions of the statute defining how the compensation of an injured employee shall be determined and the holding of the court as to what constitutes substantially a year and the testimony showing affirmatively that Butler had worked but 228 days or 38 weeks at his employment immediately preceding his injury, we are of the opinion that he did not work during his last engagement for his employer substantially a year, and, as there is no testimony as to what he or other employees engaged in the same class of work substantially the whole of such immediately preceding year in the same or a neighboring place earned at such employment during the days when so employed and no circumstances revealed in the record that would authorize the court to compute the average weekly compensation under subdivision 3 of the above article, there was no basis in the testimony for the court to determine, under the statute, the compensation to which Butler was entitled.

The judgment is reversed, and the cause remanded.