INDEMNITY INS. CO. OF NORTH AMERICA v. JUDICE.
No. 2093.

Court of Civil Appeals of Texas. Beaumont.
June 26, 1931.

Rehearing Denied July 7, 1931.

Barnes & Barnes, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

WALKER, J.

This suit was filed in district court of Jefferson county by appellee against appellant, as an appeal from an adverse award of the Industrial Accident Board. Gulf Refining Company was the employer, appellant the insurer, and appellee the employee. He plead facts raising the issue of total permanent disability. Answering special issues, the jury found that appellee suffered a compensable total disability, and judgment was accordingly entered in his favor. Against this judgment, appellant has assigned the following reversible errors:

First. The judgment is without support in the evidence. In this connection appellant's motion for certiorari is granted, and the record completed by incorporating therein the motion for an instructed verdict. The following is all the testimony on the issue of total permanent disability:

"As to trying to work since I was hurt, I have tried to work in the garden; that's the only work I have done. The efforts that I have to exert in working produce pain. It produces bad pain; I am not able to do anything, am hurting all the time."

"I have had headaches since I was hurt. I had them some before. I wouldn't think they were any worse after I was hurt."

There are no circumstances in the record from which a jury could reasonably deduce that the "hurting" testified to by him would continue permanently, nor that his "headaches" would continue permanently, nor are there any circumstances in the record in any way strengthening the quotation just made from his testimony, detailing the extent of his disability. As we gather from the record, appellee was trying to establish a hernia, and was trying to raise the issue that the "hurting" and "headaches" testified to by him resulted from this hernia. The evidence may be sufficient to sustain the answer to issue No. 7 to the effect that the plaintiff suffered a "total incapacity to work and earn money," but, in our judgment, it is wholly insufficient to sustain the jury's affirmative answer to question No. 8, reading: "Do you find, from a preponderance of the evidence, that such total incapacity to work and earn money, if any, is permanent?"

Second. The evidence was insufficient to raise the issue of average weekly wage. Appellee testified that he had been working for the Gulf Refining Company six months prior to his injury, and to the amount of his weekly wage. He testified that he did not know the wages paid other men engaged in the same class of work in which he was engaged. Clearly, this testimony was insufficient to prove his average weekly wage under subdivision 1 of section 1 of article 8309, Revised Statutes 1925. It is apparent on the face of his testimony that he could have proved his average weekly wage under subdivision 2, but did not do so. Therefore, under the adjudicated cases (American Employers' Ins. Co. v. Singleton [Tex. Com. App.] 24 S.W.(2d) 26; Employers' Liability Assurance Corp. v. Butler [Tex. Civ. App.] 20 S.W.(2d) 209), appellee could not resort to subdivision 3 of section 1 of article 8309, to establish this issue. This case falls squarely within Texas Employers' Ins. Ass'n v. Varner, 20 S.W.(2d) 334, 336, where Mr. Justice O'Quinn, speaking for this court, said: "There is nothing in the evidence to show or suggest that the sawmill operated by Jones was only a temporary affair, but, to the contrary, we take it sawmilling is generally known to be of a permanent nature, or at least to continue for a considerable time. We think that proof of what other employees of the same class as appellee, working at the same or similar work at Jones' sawmill, or in the neighborhood, could have been made. * * * That being true, resort to subsection 3 could not be had, and it was error for the court to find appellee's average weekly wages on the proof only of appellee's daily wages."

In view of the fact that the judgment of the lower court must be reversed for the two errors just discussed, we shall not determine the legal effect of the testimony on the issue of

hernia, and pretermit a discussion of appellant's proposition that the evidence, construed most favorably to appellee, was insufficient to raise that issue. Appellant also complains of certain questions as being leading. The form of these questions was subject to this objection, but, as the case is to be tried again, and as the record may come back in a different condition, we pretermit a discussion of these assignments.

■ Appellee testified that he received his injury on the 8th of September. Appellant objected to the court's charge on the ground that it inquired of the jury whether appellee "sustained an injury on or about the 18th of September, 1929." This exception was properly overruled by the trial court. There is no suggestion that appellee suffered more than one injury. Clearly, the injury he testified about was the one submitted by the court in the charge. The fact of the injury was the controlling issue.

Appellant complains that the court erred in overruling its motion to require the plaintiff to submit to surgical treatment for the purpose of reducing the hernia. However, that motion was made only "in the event liability for compensation should be found upon the trial of this case to exist against this defendant." As the judgment of the lower court must be reversed, thereby relieving appellant from the effect of the jury's findings, this motion, as written, automatically passes out of the case.

Reversed and remanded.