,TEXAS EMPLOYERS' INS. ASS'N v. ELLIOTT.

No. 4145.

Court of Civil Appeals of Texas. Amarillo.

Jan. 22, 1934.

Rehearing Denied Feb. 5, 1934.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

James M. Kernan and Clayton & Bralley, all of Amarillo, for appellee.

JACKSON, Justice.

Roy E. Elliott, the appellee, instituted this suit in the district court of Potter county to set aside the decision of the Industrial Accident Board denying him compensation for the alleged total and permanent loss of sight in his right eye, resulting from injuries received while employed as an automobile mechanic by Wilson W. Ballew, Inc., which carried compensation insurance with appellant.

The allegations of appellee's petition material to a disposition of this appeal will be stated in connection with the assignments of error challenging their sufficiency.

The appellant answered by general demurrer, numerous exceptions, general denial, alleged that appellee failed to file his claim for compensation within 6 months after the injury occurred, that there was no good cause for such failure, and, in the alternative, that, if good cause ever existed, it ended long prior to the date the claim was filed.

In response to special issues submitted, the jury found, in effect, that the appellee sustained an injury, on September 2, 1930, to his right eye which resulted in the loss of the sight thereof; that such injury was sustained in the course of his employment for Wilson W. Ballew, Inc.; that there were other employees of the same class working in Potter county substantially the whole of the immediately preceding year in similar employment; that the average weekly wages earned by such other employees were $50; that the appellee within 30 days after September 2d notified his employer of the injury to his eye, and his employer advised it would give notice of his injury and file his claim for compensation, and appellee relied on his employer to do so; that appellee had good cause for not filing his claim for compensation with the Industrial Accident Board prior to April 27, 1932, the date on which it was filed.

On these findings the court decreed that appellee was entitled to $20 per week for 100 consecutive weeks, and, as more than 100 weeks had elapsed since the injury, it was adjudged that he recover as principal and interest $2,185.

The appellant by numerous assignments presents as error the action of the trial court in refusing to sustain the exceptions urged to the sufficiency of appellee's allegations on the issue of good cause, and in failing to direct a verdict in its behalf, because the testimony did not warrant the submission of

said issue to the jury and does not support the findings of the jury thereon.

The appellee in his petition on this issue alleges, in substance: That his right eye, giving the details in connection therewith, was injured September 2, 1930, while working as an automobile mechanic for Wilson W. Ballew, Inc. That he immediately reported the accident and the injury to his foreman, and was advised to report to the office manager of his employer, who would take all action necessary relative to his injury and his claim for compensation. That he at once notified the office manager, and was informed by such officer that he would do all necessary to protect appellee, who need have no worry relative thereto. That later he would prepare the notices and claim required by the procedure. That the manager instructed him to go, for medical treatment, to Dr. Duncan, who was an oculist for the insurance company. This he did, his eye was treated, and he returned to work. That Dr. Duncan and other oculists treated his eye, but it gradually grew worse, and from time to time he consulted with the agents of his employer about his claim and the progress thereof, and was led to believe that notices of his injury had been given and his claim for compensation properly filed. That he also conferred with the adjuster of the insurance company within the 6 months, and was informed the company would do nothing while his claim was pending before the Industrial Accident Board. That his employer was engaged in operating a garage and service station, and was familiar with the procedure necessary to give notice and file claims, as its employees frequently suffered accidental injuries while engaged in their work. That appellee was not familiar with such rules and regulations, and relied and depended upon his employer to take such action as was necessary to protect his interest, and but for such reliance he would have filed his claim, which he did not learn had not been filed until just prior to April 27, 1932, the time of the filing thereof.

The testimony tends to support these allegations. Evidence was also introduced, without objection, to the effect that appellee was advised by Dr. Duncan, when first consulted, that the injury to his eye was not serious but slight, appellee returned to his work and continued until about March 15, 1932. That a day or two after the injury occurred he went to the office of the manager, papers were prepared relative to his injury and claim, and he executed them and was informed such papers were the only ones necessary for him to sign.

■ We suggest that on another trial the allegations on the issue of good cause be amended so as to include the facts and circumstances pertaining thereto disclosed by the testimony. Whether there is good cause is a jury issue, and we do not feel warranted in holding as a matter of law that this record does not show good cause for failing to file the claim prior to April 27, 1932. Texas Indemnity Ins. Co. v. Holloway et al. (Tex. Civ. App.) 30 S.W.(2d) 921, affirmed by the Supreme Court 40 S.W.(2d) 75; Lloyds Casualty Co. v. Meredith (Tex. Civ. App.) 63 S. W.(2d) 1051, and authorities cited.

■ The appellant assails as erroneous special issue No. 5 and the charge given explanatory thereof because indefinite, ambiguous, and failed to confine the inquiry to any period of time previous to the date the claim for compensation was filed.

The issue is:

"Did the plaintiff have good cause for not filing with the Industrial Accident Board of Texas, his claim for compensation for said injury to his eye, if it was injured, before he did so file it on April 27, 1932?

"'Good cause' as that term is here used, in the law and in this charge, is such a cause as would be considered a reasonable excuse by a man of ordinary prudence reasonably mindful of his own interest under the same or similar circumstances."

The objections urged are not tenable, and this assignment is overruled. Texas Indemnity Insurance Co. v. Fry et al. (Tex. Civ. App.) 41 S.W.(2d) 679, writ refused; Security Union Insurance Co. v. Hall (Tex. Civ. App.) 37 S.W.(2d) 811.

The appellant's contention that the allegations in appellee's petition relative to a conversation he had with its adjuster after his claim for compensation had been filed, pertaining to a compromise, were subject to the special exception it urged and that the testimony admitted in support of such allegations should have been excluded on its objection thereto must be sustained under the conditions revealed by the record.

■ The appellant contends that the judgment is erroneous and should be set aside because it is without support in the pleadings or testimony, inasmuch as appellee recovered compensation under subsection 2 of section 1 of article 8309 defining average weekly wage, and failed to allege or prove that

900

it was impracticable to compute his average weekly wage under subsection 1 of section 1· of said article.

The appellee alleges that he is an automobile mechanic, was employed by Wilson W. Ballew, Inc., about August 15, 1930, injured September 2d thereafter, but continued his work for the same employer until March 15, 1932, during which time his average weekly wage was approximately $42; "that mechanics doing the same nature, class, form and kind of work as the plaintiff was engaged in on the occasion of his injury and prior thereto, within the vicinity of Amarillo, Potter County, Texas," received "an average daily wage of $7.00 to $8.00 per day or from $40.00 to $45.00 per week." Appellee fails to plead that he had not worked "substantially the whole of the year immediately preceding the injury," nor does he allege that other employees of the same class had worked "substantially the whole of such immediately preceding year." He testified to the amount of wages that other employees received the year preceding his injury, but he also stated that he had lived in Potter county about 19 years; that for the last 14 or 15 years he had been an automobile mechanic, and this was his regular trade; that for 18 months preceding August 15, 1930, the date on which he went to work for Wilson W. Ballew, Inc., he had worked for the government at the helium plant near Amarillo. He offered no testimony as to the kind and character of the work he did at said plant nor the wages he received therefor. The testimony not only fails to show that his compensation could not be computed under subsection 1 of section 1 of article 8309, but indicates that it could have been computed thereunder.

Judge Critz of the Commission of Appeals says: "Under the statute the burden is on the claimant to show by competent evidence that it is impracticable to compute the average weekly wage under either subsections 1 or 2 before subsection 3 can be resorted to. Likewise, the burden is on the claimant to show that compensation cannot be computed under subsection 1 before subsection 2 is resorted to." American Employers' Ins. Co. v. Singleton, 24 S.W.(2d) 26, 27.

To the same effect are the holdings in Globe Indemnity Co. v. McClurg (Tex. Civ. App.) 38 S.W.(2d) 125; Indemnity Ins. Co. of North America v. Judice (Tex. Civ. App.) 40 S.W. (2d) 246; Texas Employers' Ins. Association v. Comer (Tex. Civ. App.) 42 S.W.(2d) 832;

Hartford Accident & Indemnity Co. v. Leigh (Tex. Civ. App.) 57 S.W.(2d) 605.

What we have said disposes of the numerous other assignments that we consider material.

The judgment is reversed, and the cause remanded.