## TEXAS EMPLOYERS INS. ASS'N v. GRIMES.
### No. 2615.

Court of Civil Appeals of Texas. Waco.

Nov. 9, 1944.

Rehearing Denied March 22, 1945.

Witt, Terrell, Lincoln, Jones & Riley, of Waco, for appellant.

George Clark and Clint Allen, both of Waco, for appellee.

RICE, Chief Justice.

This is a workman's compensation case wherein O. E. Grimes was plaintiff and Texas Employers Insurance Association was defendant. The judgment of the trial court, based on the answers of the jury to the submitted special issues, awarded plaintiff compensation for total and permanent disability, and the insurance company has appealed.

Viewing the record most favorably from plaintiff's standpoint, the following is the factual situation:

Between one and three o'clock P.M. on October 19, 1942, plaintiff, an employee of Mid-Tex Motors, Inc., in the course of his employment was demonstrating to a prospective purchaser a used car owned by his employer. While driving the car on Washington Avenue in the city of Waco, the motor was not functioning properly, and plaintiff alighted and gave the car a push, whereupon he felt a pain under his shoulder blade in the region of his right lung. Although the pain persisted in some degree the rest of the afternoon, plaintiff continued to discharge the duties of his employment, until thereafter, about six o' clock P.M. on the same date, he had occasion to push another car on the used car lot of his employer, when a pain of such se-

verity struck him in the same region that he collapsed and was carried home, and thence to a hospital where his injury was determined by the attendant doctor to be a spontaneous pneumothorax, which was explained to be an accidental injury to the plura, or outside covering of the lung, similar to a blowout in a car tire. There was evidence from medical experts that plaintiff's injury was the result of a strain.

On March 25, 1943, plaintiff and his attorney mailed notice of injury and claim for compensation to the Industrial Accident Board with reference to the injury received by plaintiff on October 19, 1942, and on the same day mailed a copy thereof to the defendant, wherein was stated:

"The time of my injury was about 6:30 o'clock P.M. on or about the 19th day of October, 1942. The place of injury was 18th and Washington Streets, Waco, Texas. The cause of injury was caused because of pushing a car at 18th and Washington Streets, Waco, Texas, on or about October 19, 1942, and aggravated injury when tried to return to work on or about the 3rd day of December, 1942.

"State part of body injured and nature and extent of injury: Rupture right lung, and claimant totally and permanently injured and claimant asks for award for 401 weeks for total permanent disability."

In due course the Industrial Accident Board made its award, from which plaintiff appealed and timely filed suit in one of the District Courts of McLennan County, Texas. In his first amended petition, he alleged the accident and injury at 18th and Washington Streets, and in addition, and for the first time, alleged the facts which occurred late in the afternoon of the same day at the used car lot of his employer and hereinabove set forth. Defendant thereupon filed its plea to the jurisdiction of the court and plea in abatement, which the court overruled, and defendant excepted. On the trial of this cause evidence was adduced in support of plaintiff's pleaded allegations in respect to what transpired at the intersection of 18th and Washington Streets, and also as to what took place later on the same afternoon on the used car lot of his employer.

By its first point defendant takes the position that the trial court committed reversible error in overruling its plea to the jurisdiction and plea in abatement because, it says, the court had no jurisdiction to try any cause of action based upon alleged in-

juries resulting from an accident taking place at the used car lot of plaintiff's employer located at 9th and Austin Streets, late in the afternoon of October 19, 1942, for the reason that such claim or cause of action had not been passed upon by the Industrial Accident Board.

As sustaining its position defendant says that the only accident or injuries submitted to the Industrial Accident Board in any form was the one described in the notice mailed by plaintiff to the Industrial Accident Board and defendant on March 25, 1943, hereinabove set forth, wherein it was stated that the place of the injury was 18th and Washington Streets, and that the cause of the injury was pushing a car at said street intersection and aggravating the injury when plaintiff tried to return to work on or about December 3, 1942.

Plaintiff takes the position that appellant's contention should be overruled because: (1) Appellee made claim for and suffered only one accidental injury, that is, a ruptured lung, occurring on October 19, 1942; and this was the identical injury claimed before the Industrial Accident Board and declared upon in the trial court; (2) a claim for compensation is properly informal; and plaintiff's claim was for a general injury having its inception in a strain while pushing a car at 18th and Washington Streets resulting in pain in the area of his ruptured lung, which persisted until he collapsed on the used car lot of his employer on the same afternoon.

Plaintiff pleaded and the jury found that plaintiff's employer had notice of plaintiff's injury within less than thirty days after it occurred. This jury finding is not attacked by defendant.

■ The courts of this state have liberally construed the Workmen's Compensation Act in favor of the injured employee in order that his rights under said Act might be preserved to him in accordance with the manifest intention of the Legislature, and have uniformly ruled that the proceedings before the Industrial Accident Board are of a loose, informal and nontechnical nature. It has been held that it is not necessary for an injured employee to allege in his claim for compensation before the Board the amount of his claim in dollars and cents. Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322.

■ It appears to be the settled law that when the claim is for a general injury,

a general description in the claim made before the Industrial Accident Board is sufficient, and upon appeal to the courts it may be enlarged to include all injuries proximately resulting from the accident complained of. Indemnity Ins. Co. of N. A. v. Harris, Tex.Civ.App., 53 S.W.2d 631; Hartford Accident & Indemnity Co. v. Choate, 126 Tex. 368, 89 S.W.2d 205; Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322. It is also held that internal injuries resulting from usual strain in the course of the employment are compensable injuries. Carter v. Travelers Ins. Co., 132 Tex. 288, 120 S.W.2d 581; Southwestern Surety Ins. Co. v. Owens, Tex.Civ.App., 198 S.W. 662; Georgia Casualty Co. v. Mixner, Tex.Civ.App., 289 S.W. 420.

■ Plaintiff specially pleaded and relied upon actual notice of his injury to his employer and to defendant within less than thirty days of his injury, and, as stated above, the jury's finding in favor of plaintiff in this respect is not here questioned. It is the rule that actual notice of the injury is sufficient; that the real purpose of the notice is to give the insurance carrier an opportunity to make an investigation of the case. Texas Employers Ins. Ass'n v. Bradshaw, Tex.Civ.App., 27 S.W.2d 314, error ref.; Texas Employers Ins. Ass'n v. Wonderley, Tex.Civ.App., 16 S.W.2d 386, error dis.; Booth v. Texas Employers' Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322.

■ The identity of the injury received by the employee for which he made claim before the Board with the injury shown by his petition in court is one of the controlling factors in determining the jurisdiction of the court. One claim cannot be filed with the Industrial Accident Board and another and different claim asserted in court on appeal. Texas Employers' Ins. Ass'n v. Moore, Tex.Civ.App., 46 S.W.2d 404, affirmed 123 Tex. 302, 70 S.W.2d 702; Booth v. Texas Employers Ins. Ass'n, supra; Consolidated Underwriters v. Dunn, Tex.Civ.App., 155 S.W.2d 431; Texas Employers Ins. Ass'n v. Jiminez, Tex.Civ.App., 267 S.W. 752.

■ In his amended original petition, on which trial of the case was had, plaintiff alleged that on or about October 19, 1942, he sustained accidental injuries to his body, that is, a collapsed lung as the result of a strain or repeated strain in the course of his employment; that on said date, while straining and pushing an automobile at the intersection of 18th and Washington Streets, he suffered a strain resulting in pain in the vicinity of his right lung, and thereafter on said date his lung collapsed on his employer's used car lot at the intersection of 9th Street and Austin Avenue when plaintiff pushed another car on said lot; that plaintiff suffered only one accidental injury, that being to his lung and the tissue in and surrounding the same, resulting from strain or strains in the course of his employment and the disability and physical conditions naturally resulting from said accidental injury.

The issue as to whether or not the injury for which claim for compensation was made before the Industrial Accident Board was the same and identical injury for which compensation was claimed in the trial court was presented to the trial court by defendant's plea to the jurisdiction and plea in abatement, each of which the trial court overruled. This ruling necessarily required a finding by the trial court that the injury relied on and submitted by plaintiff to the Board was the identical injury submitted to the trial court. The claim filed before the Board was for a general injury, a ruptured lung alleged to have resulted in plaintiff being totally and permanently disabled to labor. This claim did allege the place of accident to have been at the intersection of 18th Street and Washington Avenue, where the evidence disclosed plaintiff first felt pain following a strain; but it also alleged the time of the accident to have been at about 6:30 P.M., which the record discloses was the time that he experienced a more severe pain when he pushed another car at the place of business of his employer located at the intersection of 9th Street and Austin Avenue. The claim filed with the Board, the pleadings presented to the District Court, and the evidence, disclose that plaintiff was claiming compensation because of only one injury, a ruptured lung. In our opinion, the evidence adduced was sufficient to support the implied finding by the trial court that the injury described in plaintiff's pleadings was the identical injury declared on in his claim filed with the Board.

We have carefully considered each of the points presented by appellant's brief and have concluded that none of them present reversible error.

The judgment of the trial court is therefore affirmed.