### TEXAS EMPLOYERS INS. ASS'N v. PATTERSON.

No. 6054.

Court of Civil Appeals of Texas. Amarillo.

June 19, 1950.

Rehearing Denied July 24, 1950.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Bob Huff, Lamesa, for appellee.

LUMPKIN, Justice.

This suit was filed in the District Court of Lubbock County, Texas, by appellee against appellant as an appeal from an adverse award of the Industrial Accident Board. Appellee, Ed Patterson, was employed as a laborer by the Plains Co-Operative Oil Mill, and the appellant, Texas Employers Insurance Association, was the compensation insurance carrier. The appellee filed this suit to recover compensation for total and permanent disability. Trial was to a jury. In answer to the special issues submitted, the jury found that on September 10, 1948, while in the course of his employment with the Plains Co-Operative Oil Mill, the appellee received an accidental injury which has incapacitated him totally and permanently. The trial court, pursuant to the jury's verdict, entered judgment against the appellant for 401 weeks at $25 per week. From this judgment the appellant has prosecuted its appeal.

In the suit as originally filed the appellee alleged that the accident occurred on or about August 10, 1948. On the second day of the trial the trial court permitted the appellee to amend his petition by interlineation so as to allege that the accident occurred on or about September 10, 1948. The appellant then filed a verified trial amendment in which it denied that either it or the subscriber, Plains Co-Operative Oil Mill, had received any notice that an injury had occurred to the appellee on or about September 10, 1948. The appellant pointed out that since the jurisdiction of the courts in compensation cases is purely appellate and that the cause of action alleged in a suit to set aside an award must conform to that presented before the board, the trial court was without jurisdiction to try the case at bar for the reason that no claim had been presented to the board in which the appellee alleged that he was injured on September 10, 1948, and that the only claim which had been presented to the board by the appellee alleged August 10, 1948, as the date he received his injury. The appellant moved the court to dismiss the suit as amended. In connection with its motion the appellant introduced the notice of injury, the claim for compensation and the award of the Industrial Accident Board. Each of these gave August 10, 1948, as the date of the injury.

The trial court overruled the appellant's motion to dismiss, and it is to this action of the court that the appellant assigns error in a single point of error.

In cases of this nature, the court is without jurisdiction unless a claim upon which the action is predicated has been first presented and acted upon by the Industrial Accident Board. Stratton v. Gulf Casualty Co., Tex.Civ.App., 53 S.W.2d 518. In the case of Texas Employers' Ins. Ass'n v. Newton, 25 S.W.2d 608, 610, the Commission of Appeals said: "The legal effect of a suit to set aside an award of the Industrial Accident Board is to invoke the judgment of the court on the issue of the insurer's liability under the provisions of the act, upon the facts alleged in the claim presented to the board, and to substitute the court's judgment when rendered for the prior award of the board. Texas Emp.

Ins. Ass'n v. Nunamaker (Tex.Civ.App.) 267 S.W. 749, 751. It is true the trial is de novo, but that is upon the facts alleged in the claim presented to the board; one claim may not be made to the accident board and another and different claim presented in the court on appeal from the board's action. Texas Emp. Ass'n v. Jimenez (Tex.Civ.App.), 267 S.W. 752, 755 (7)."

However, in Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631, dism. judgm. correct, the court held that the only essential jurisdictional connection between the claim for compensation before the board and the suit to set aside the award is the identity of the injury of which complaint is made. In Indemnity Ins. Co. of North America v. Judice, Tex.Civ.App., 40 S.W.2d 246, it is emphasized that the fact of the injury suffered is the controlling issue to be determined in cases of this nature and the date of the injury is not significant so long as there is no danger of confusing the injury sued upon with any other injury.

The record reveals that the claim presented before the Industrial Accident Board does not differ from the suit filed in any material particular. The injury relied on and submitted by the appellee to the board was the identical injury submitted to the trial court. The notice of injury and the claim for compensation each states that the appellee was injured while working in a seed house at the Plains Co-Operative Oil Mill and that, as a result of a fall into a basement, he received an injury to his back, shoulder and side causing total and permanent incapacity. The pleadings presented to the court alleged the same accident but pleaded the appellee's injury more in detail. The claim which was presented to the board gave August 10, 1948, as the date of the accident, while the pleadings, as a result of the interlineation, alleged September 10, 1948, as the day on which the appellee was injured. The appellee testified that he received the injury on the 10th or 15th of September, 1948. Five months prior to the trial, in a deposition taken by the appellant, the appellee stated that the

true date of the accident was September 10, 1948. Several witnesses either saw the accident or saw the appellee soon after the accident occurred. Several of the witnesses gave September 10, 1948, as the date of the accident. Dr. Wallace I. Hess, one of the appellant's medical experts, testified that he first saw the appellee on September 22, 1948. Dr. Hess said : "He came to me with complaints of pain following an injury, which he had apparently received about two weeks prior to that visit." According to the appellee's testimony he left the employment of the Plains Co-Operative Oil Mill on November 19, 1948, after possibly being involved in another accident. However, the entire record reflects that the injury suffered by the appellee on or about September 10, 1948, is the only injury for which he claimed compensation before the Industrial Accident Board.

The case of Consolidated Underwriters v. Hubbard, Tex.Civ.App., 107 S. W.2d 908, 909, error refused, is similar in many respects to the case before us. In that case the workman's notice of injury and claim for compensation stated that injury was received on March 16, 1936. In his petition to set aside the ruling of the board, the appellee alleged March 9, 1936, as the date of his injury. The appellant raised the same point as is raised in the case at bar. In its discussion the Beaumont Court of Civil Appeals said: "The board has power to take cognizance of any mistake made by a claimant in presenting to it his original claim. The board having this power, a trial court in trying the matter de novo also has the jurisdiction to determine such question. Fidelity Union Casualty Co. v. Dapperman (Tex.Civ.App.) 47 S.W.2d 408, 414. The niceties and exactnesses of common-law pleadings are not required in compensation proceedings, and when an insurer is not harmed by an error as to the exactness of time when an injury occurred, it cannot complain. Pardeick v. Iron City Engineering Co., 220 Mich. 653, 190 N.W. 719; American Employers' Ins. Co. v. Hookfin (Tex.Civ.App.) 33 S.W.2d 801, 803 (Writ refused). The rule is well settled in Texas that an in-

advertent error as to the date of an occurrence in an alleged pleading is not material error working a reversal of a cause when there has been no claim of surprise, and when no one has been misled by the inadvertent error. Appellant neither pleads nor insists that it was misled or surprised by the variance in the date alleged in the claim before the board, March 16, 1936, and the date of the injury established by the evidence, March 9, 1936. It does not appear to have suffered any prejudice in its investigation of the alleged injury, or in shaping its defense against same. Maryland Casualty Co. v. Overstreet (Tex. Civ.App.) 42 S.W.2d 160, 163."

In this case time was not the essence of appellee's cause of action. The appellant does not claim that it was misled or surprised by a discrepancy in the dates between the claim for compensation before the board and the suit to set aside the award. In our opinion the appellant was not surprised to find that the evidence revealed September 10, 1948, as the date of the accident. It does not appear that the appellant suffered any prejudice because of the trial court's action in permitting the appellee to amend his petition by interlineation.

The claim filed with the board, the pleadings presented to the court and the evidence disclose that the appellee was claiming compensation because of only one injury. The trial court did not file findings of fact. However, in our opinion, the evidence adduced was sufficient to support the implied findings by the trial court that the injury described in appellee's pleadings was the identical injury declared in his claim filed with the board. Consolidated Underwriters v. Dunn, Tex.Civ. App., 155 S.W.2d 431; Insurors Indemnity & Ins. Co. v. Brown, Tex.Civ.App., 172 S.W.2d 174, error refused; Texas Employers Ins. Ass'n v. Grimes, 186 S.W.2d 280, refused w. m.

In our opinion the record in this case fails to show reversible error. The appellant's point of error is overruled, and the judgment of the trial court is affirmed.