The AETNA CASUALTY & SURETY COMPANY, Appellant,

v.

Raymond A. TUCKER, Appellee.

No. 6910.

Court of Civil Appeals of Texas.

Beaumont.

June 15, 1967.

Rehearing Denied Sept. 6, 1967.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Waldman & Smallwood, Beaumont, for appellee.

PARKER, Justice.

This is a workmen's compensation suit. Raymond A. Tucker, as plaintiff, sued the Aetna Casualty & Surety Company, as defendant, to recover benefits as the result of injuries to his stomach, internal organs, back and body while working for E. I. du Pont de Nemours & Company, Inc. Trial was to a jury. On the jury verdict, judgment was entered in favor of plaintiff for $7,179.27 upon jury findings of total disability for 104 weeks and partial disability for an additional 104 weeks. Defendant has appealed and will be designated as appellant. Plaintiff in the trial court will be designated appellee.

Appellee's original petition alleged the injury occurred on or about February 25, 1965. Appellee's notice of injury and claim for compensation filed by him with the Industrial Accident Board of Texas set forth an injury occurring on or about February 25, 1965. In each instance the injury alleged by appellee is the same as to its nature. The injury actually occurred on

or about February 2, 1965. At the beginning of the trial attorney for appellee stated the injury occurred on or about February 2, 1965, requesting permission to file a trial amendment correcting the date to allege the accident occurred on or about February 2, 1965. Counsel for appellant in open court stated he had no objection to the filing of such trial amendment. The court granted permission to appellee to file a trial amendment. Special issue No. 1 as submitted to the jury is as follows:

"Do you find from a preponderance of the evidence that plaintiff sustained an injury on or about the 2nd day of February, 1965?"

to which the jury answered, "We do". Prior to this injury of 1965 appellee had a back injury in 1953, a hernia in 1958, and a lung injury from inhaling fumes from gaseous chemicals in 1954, 1955 or 1956. From the evidence no possibility existed that the back injury of 1953 or any of the other injuries would be confused by the trial court or the jury with the injury inquired of in special issue No. 1 above whether it was on the 2nd, 3rd or 25th day of February, 1965. Appellant contends there is a material variance between the date of injury made the basis of appellee's claim and that found by the jury upon trial and that the trial court erred in not dismissing this cause for want of jurisdiction. Variance in these dates is not significant as there is no danger of confusion of injuries sued upon with any other injury. Texas Employers' Ins. Ass'n v. Patterson, 231 S.W.2d 898 (Tex.Civ.App. 1950, err. ref.); Consolidated Underwriters v. Wright, 408 S.W.2d 140 (Tex.Civ.App. 1966, err. ref. n.r.e.). The appellant had the same information available as the appellee had as to the real date of the injury of February, 1965. The claim submitted to the Industrial Accident Board and the claim asserted in the instant lawsuit are one and the same. The trial court had jurisdiction. Appellant's point of error with reference to this matter is overruled.

Appellant contends the trial court erred in excluding that portion of a petition filed by appellee in a prior workmen's compensation suit wherein it was alleged that in 1953 appellee was totally and permanently disabled as the result of a low back injury. Appellant urges that such 1953 pleading was admissible as a party admission and also for impeachment purposes.

■ First, we will consider the admissibility of the 1953 petition for impeachment purposes. For the purposes of his bill of exceptions, appellant's counsel was permitted to ask appellee if he had claimed the 1953 back injury had resulted in total and permanent disability, and appellee answered:

"Well, from what I know, the papers that was filed, I don't know whether I could answer you yes or no, because I don't know what was filed in them."

By way of further answer to the persistent questioning by defense counsel on this point, appellee further testified as follows:

"A. Really and truthfully, I don't know how he (the attorney who had represented him in his claim arising out of the 1953 back injury) had it wrote up. I was claiming a back injury.

Q. Were you claiming any disability?

A. Yes, I was claiming disability.

Q. Were you claiming total disability?

A. But I don't know how he had it said."

The evidence further shows that appellee was unable to work for some two years after the 1953 injury. Appellee admitted he was seriously injured. His version was that some two years after the 1953 occurrence he tried to build himself up to work; that some six months later he "was as good a man as I ever was." His work record showed that he had held jobs involving hard work for nine years prior to 1965. The petition of appellee in the 1953 suit was not admissible for impeachment purposes. Hartford Accident & Indemnity Co.

v. McCardell, 369 S.W.2d 331, 338 (Tex. 1963); Aetna Casualty & Surety Co. v. De-poister, 393 S.W.2d 822 (Tex.Civ.App. 1965, wr.ref., n.r.e.); 63 Tex.Jur.2d 450, 451; Sec. 425, Workmen's Compensation; St. Paul Fire & Marine Ins. Co. v. Murphree, 163 Tex. 534, 357 S.W.2d 744 (1962).

Next, petition offered by appellant, which was excluded, is considered as to whether it was offered and admissible as a party admission. Counsel for appellant during the trial when appellee Tucker was on the stand asked: "Now, back at the time of that injury, weren't you claiming that back injury resulted in total and permanent disability?" Before Tucker could answer the question objection was made by counsel for appellee. The trial court excused the jury. During the lengthy argument before the court counsel for appellant contended he was entitled to have the question answered for the following reason:

"Your Honor, of course, if Mr. Tucker says, 'Yes, ' I think that's the end of it, and I'm not allowed to impeach him with this, but if he denies that, of course, then I have a perfect right to introduce in evidence the inconsistency of the judicial admission by virtue of this petition."

Counsel for appellant contended that the question of admissibility of the petition of the 1953 suit would be predicated upon a "no" answer to the question propounded to Tucker.

■ From the testimony of Tucker hereinbefore quoted from the bill of exceptions, the appellee stated that in 1953 as a result of his back injury he was claiming total and permanent disability. The answer of Tucker was "yes". Counsel for appellant did not urge to the trial court that by asking this question of appellee he was laying a predicate for party admission, only urging the question should be answered as a predicate for impeachment. No error was committed by the trial court by excluding from evidence that part of the petition in the 1953 suit filed by appellee relating to his back injury, claiming total and permanent disability. Appellee was questioned about his 1953 injury and stated his inability to work for two years, that after-two and a half years he was able to work and that he did work for nine years in this type of work. Dr. Copeland testified that the 1965 injury caused the back injury. Dr. Bruce Stephenson, who was a witness for appellant, did not state that appellee was suffering from a 1953 back injury. On the contrary, he testified appellee had no back injury at the time he examined him in September of 1965. Dr. Stephenson never saw any x-rays of appellee's back taken in 1953. If the trial court erred in excluding the 1953 petition offered by appellant, the claimed error does not amount to such a denial of the rights to appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case not did it prevent the appellant from making a proper presentation of the case to this court. If error, it was harmless error.

■ Appellant contends there is insufficient evidence to support the jury's finding that appellee sustained an injury on or about February 2, 1965. This court is required to consider and weigh all the evidence in the case in considering this point of error. Appellee testified the accident occurred on February 2, 1965. He reported the injury to his foreman the next day. He was sent by his employer to Dr. Minkus on February 3, 1965, who referred him to Dr. Tarride. DuPont's records show that he had seen Dr. Tarride on February 3, 1965. Appellee admitted that he had made an error when he testified in his deposition that the injury occurred on February 25, 1965. The February 2, 1965 date was corroborated by the witness, Alfred Heath, who was working with appellee at the time he was injured. This point of error is overrruled.

Judgment of the trial court is affirmed.